UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10666 DPS

-------------------------------------------------------x

STANLEY LISZEWSKI

                   CIVIL ACTION NO.:

      Plaintiff,

      v.

LUCENT TECHNOLOGIES LONG  MAGISTRATE JUDGE
TERM DISABILITY PLAN and
CIGNA GROUP INSURANCE,

      Defendants.
-------------------------------------------------------x

    Plaintiff, Stanley Liszewski, by his attorney, STEPHEN L. RAYMOND, ESQ., as and for his Complaint against the defendants, LUCENT TECHNOLOGIES LONG TERM DISABILITY PLAN (hereinafter, "LTD Plan" or "Plan"), and CIGNA GROUP INSURANCE (hereinafter, "CIGNA"), alleges as follows:

### JURISDICTION AND VENUE

    1.    Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability Insurance benefits. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

    2.    The LTD Plan contains provisions for administrative or internal appeal of a denial of benefits. Plaintiff has exhausted his remedies under these provisions, has received a final denial of his claim and, therefore, this matter is properly before this court for de novo review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.      Plaintiff is a resident of Haverhill, Massachusetts.

4.      Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

5.      With respect to Plaintiff's claim, the LTD Plan was administered in, and the breach occurred in, the Commonwealth of Massachusetts.

6.      Lucent Technologies, Plaintiff's former employer, is the LTD Plan's Sponsor and Plan Administrator, and the benefits were administered in some part by defendant, CIGNA.

## NATURE OF ACTION

7.      Plaintiff's claim seeks a declaration that Plaintiff is entitled to disability income benefits pursuant to an employee benefit plan providing for long term disability benefits, sponsored and administered by Plaintiff's former employer. To the extent that Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to his claim. Said benefits were effective at all times relevant hereto.

## THE PARTIES

8.      Plaintiff is a 51-year-old man who was born on January 19, 1954.

9.      Defendant, LTD Plan is an Employee Benefit Plan as defined by the provisions of ERISA.

10. Defendant, CIGNA is engaged in the business of insurance, and is licensed and authorized to engage in the business of insurance within the Commonwealth of Massachusetts, and took part in the administration of the LTD Plan.

## STATEMENT OF FACTS

11. Prior to, and including August 10, 1987, Plaintiff was employed by Lucent Technologies (formally AT&T Technologies), as a brake press operator.

12. For a period up to and including August 10, 1987, Plaintiff, together with other active full time employees, was covered as a participant under the LTD Plan sponsored, funded, and administered by Plaintiff's employer. The Plan provides for payment of monthly income benefits to participants who become Disabled. The payments are reduced by certain specified other sources of income, including Social Security Disability benefits. Payments under the Plan begin after a claimant has satisfied the 52 weeks of receiving sickness disability benefits under the Sickness and Disability Benefit Plan ("SADBP").

13. The LTD Plan defines "Disability" as follows:

"You are disabled when it is determined that:
1. you must be unable to do any job for any employer for which you are qualified or may reasonably become qualified by training, education, or experience other than one that pays less than 50% of your eligible base pay at the time you become disabled, and

2. you must be under a physician's care and following the recommended course of treatment to receive benefits.

14. The Plan also provides for a maximum LTD benefit period to the participant's age 65 when he becomes disabled prior to reaching age 60.

15. Plaintiff ceased work on August 10, 1987, as a result of a motor vehicle accident which prevented him from performing each of the material duties of his or any occupation. Plaintiff has been diagnosed with Post Medial and Lateral Tibial Plateau Fracture with Fracture of the Tibial Tubercle and Post-Traumatic Degenerative Arthritis in the Left Knee.

16. Subsequent to his onset of disability, Plaintiff applied for long term disability benefits under the LTD Plan by submitting a completed claim, including his Attending Physician's Statement, to Defendant, CIGNA.

17. From August 10, 1987, through the present, Plaintiff has satisfied the LTD Plan's definition of disability: due to his medical condition, he has been precluded from performing each of the material duties of any occupation.

18. Plaintiff was paid long term disability benefits, without interuption since becoming eligible after the motor vehicle accident in August 1987, and continuing through April 4, 2001.

19. By letter dated April 4, 2001, defendant, CIGNA, informed Plaintiff that his claim for LTD benefits was denied. The letter stated that upon examination by an independant medical examiner, dated December 14, 2000, "Mr. Liszewski is not fit for any type of activities which involve any type of standing, walking, climbing, kneeling, or other activities where he is on his feet. He may be fit for sedentary activities which allow him to be up and about from time to time."

20. After Plaintiff received the denial notification, he requested a review of that determination, as provided for by ERISA. In this connection, Plaintiff forwarded a letter dated April 20, 2001, to defendant, CIGNA, together with additional medical evidence in support of his claim.

21.     By letter dated May 16, 2001, CIGNA acknowledged receipt of Plaintiff's request for review of the LTD claim denial under the terms of the LTD Plan and indicated that the file would be forwarded for further review.

22.     By letter dated July 31, 2001, CIGNA upheld its previous denial with respect to Plaintiff's claim for LTD benefits under the LTD Plan.

23.     To date, CIGNA has continued to uphold its previous denial of Plaintiff's LTD claim.

### AS AND FOR PLAINTIFF'S CLAIM: FOR LONG TERM DISABILITY BENEFITS AS AGAINST DEFENDANTS, THE LTD PLAN & CIGNA

24.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 23, *supra*, as if fully set forth at length.

25.     ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
> *     *     *
> (2)     afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

26.     Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

27.     Plaintiff has not been provided with a full and fair review of hIS claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

28. The Long Term Disability claim decisions rendered in the instant action have been made by CIGNA, who insures the defendant LTD Plan, and as such, cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

29. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

30. Defendants' decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

31. Defendants' decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

32. Plaintiff is disabled within the terms of the LTD Plan maintained for the benefit of the employees of Lucent Technologies. Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to his disability from (and including) April 4, 2001, and continuing for the time allowed under the LTD Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's total disability continued from (and included) April 4, 2001, within the term of coverage, and that he was and continues to be disabled within the Plan's provisions.

B. That after making such a determination, the Court ORDER the Defendants, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan.

C. That, if necessary, the Court ORDER the matter remanded to the Plan's administrator for such further and additional findings as may be reasonably necessary.

D. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

E. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:    Haverhill, MA
          April 1, 2005

                              PLAINTIFF
                              By his attorney,

                              LAW OFFICE OF
                              STEPHEN L. RAYMOND, ESQ.

                    By:       _____
                              Stephen L. Raymond
                              3 Washington Square, Ste. 206
                              Haverhill, MA  01830
                              (978) 372-6590
                              BBO #567753

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY).
   STANLEY LISZEWSKI v. LUCENT TECHNOLOGIES LONG TERM DISABILITY PLAN, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?                                                                                       YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)                                                       YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                                                                                                                                              YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?                                                                         YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                                                 YES ☐    NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
   (SEE LOCAL RULE 40.1(D)).                                                                                                                                                                  YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?                                                                              YES ☐    NO ☒
   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐  NO ☐        OR WESTERN SECTION;  YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME       Stephen L. Raymond, Esq.
ADDRESS               3 Washington Square, Ste. 206, Haverhill, MA 01830
TELEPHONE NO.         (978) 372-6590

(Categfrm.rev - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STANLEY LISZEWSKI

## DEFENDANTS

LUCENT TECHNOLOGIES LONG TERM DISABILITY PLAN, and CIGNA GROUP INSURANCE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Stephen L. Raymond, Esq.
3 Washington Square, Ste. 206
Haverhill, MA  01830
(978) 372-6590

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung 923 | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 865 RSI 405(g) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Suit for disability benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE: April 1, 2005

SIGNATURE OF ATTORNEY OF RECORD

Stephen L. Raymond, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____