# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x

**STANLEY LISZEWSKI**

                           **Plaintiff,**

                   **v.**                                        **CIV. NO.:   05 10666 RGS**

**LUCENT TECHNOLOGIES LONG
TERM DISABILITY PLAN and
CONNECTICUT GENERAL LIFE                          AMENDED COMPLAINT**
**INSURANCE COMPANY,**

                           **Defendants.**
-----------------------------------------------------------x


        Plaintiff, Stanley Liszewski, by his attorney, STEPHEN L. RAYMOND, ESQ., as and

for his Complaint against the defendants, LUCENT TECHNOLOGIES LONG TERM

DISABILITY PLAN (hereinafter, "LTD Plan" or "Plan"), and CONNECTICUT GENERAL

LIFE INSURANCE COMPANY (hereinafter, "CGLIC"), alleges as follows:


## JURISDICTION AND VENUE

        1.        Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which

give the district courts jurisdiction to hear civil actions brought to recover benefits due under the

terms of an employee benefit plan, which for purposes of the instant case, grants to participants

Long Term Disability Insurance benefits.  In addition, this action may be brought before this

court pursuant to 28 U.S.C.  § 1331, which gives the district court jurisdiction over actions that

arise under the laws of the United States.


        2.        The LTD Plan contains provisions for administrative or internal appeal of a denial

of benefits.  Plaintiff has exhausted his remedies under these provisions, has received a final

denial of his claim and, therefore, this matter is properly before this court for de novo review

under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

      3.      Plaintiff is a resident of Haverhill, Massachusetts.

      4.      Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

      5.      With respect to Plaintiff's claim, the LTD Plan was administered in, and the breach occurred in, the Commonwealth of Massachusetts.

      6.      Lucent Technologies, Plaintiff's former employer, is the LTD Plan's Sponsor and Plan Administrator, and the benefits were administered in some part by defendant, CGLIC.

## NATURE OF ACTION

      7.      Plaintiff's claim seeks a declaration that Plaintiff is entitled to disability income benefits pursuant to an employee benefit plan providing for long term disability benefits, sponsored and administered by Plaintiff's former employer. To the extent that Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to his claim. Said benefits were effective at all times relevant hereto.

## THE PARTIES

      8.      Plaintiff is a 51-year-old man who was born on January 19, 1954.

      9.      Defendant, LTD Plan is an Employee Benefit Plan as defined by the provisions of

ERISA.

10.     Defendant, CGLIC is engaged in the business of insurance, and is licensed and authorized to engage in the business of insurance within the Commonwealth of Massachusetts, and took part in the administration of the LTD Plan.  CGLIC is a subsidiary of CIGNA Group Insurance.

## STATEMENT OF FACTS

11.     Prior to, and including August 10, 1987, Plaintiff was employed by Lucent Technologies (formally AT&T Technologies), as a brake press operator.

12.     For a period up to and including August 10, 1987, Plaintiff, together with other active full time employees, was covered as a participant under the LTD Plan sponsored, funded, and administered by Plaintiff's employer.  The Plan provides for payment of monthly income benefits to participants who become Disabled.  The payments are reduced by certain specified other sources of income, including Social Security Disability benefits.  Payments under the Plan begin after a claimant has satisfied the 52 weeks of receiving sickness disability benefits under the Sickness and Disability Benefit Plan ("SADBP").

13.     The LTD Plan defines "Disability" as follows:

"You are disabled when it is determined that:
1.     you must be unable to do any job for any employer for which you are qualified or may reasonably become qualified by training, education, or experience other than one that pays less than 50% of your eligible base pay at the time you become disabled, and

2.     you must be under a physician's care and following the recommended course of treatment to receive benefits.

14.     The Plan also provides for a maximum LTD benefit period to the participant's age 65 when he becomes disabled prior to reaching age 60.

15.     Plaintiff ceased work on August 10, 1987, as a result of a motor vehicle accident which prevented him from performing each of the material duties of his or any occupation. Plaintiff has been diagnosed with Post Medial and Lateral Tibial Plateau Fracture with Fracture of the Tibial Tubercle and Post-Traumatic Degenerative Arthritis in the Left Knee.

16.     Subsequent to his onset of disability, Plaintiff applied for long term disability benefits under the LTD Plan by submitting a completed claim, including his Attending Physician's Statement, to Defendant, CGLIC.

17.     From August 10, 1987, through the present, Plaintiff has satisfied the LTD Plan's definition of disability: due to his medical condition, he has been precluded from performing each of the material duties of any occupation.

18.     Plaintiff was paid long term disability benefits, without interuption since becoming eligible after the motor vehicle accident in August 1987, and continuing through April 4, 2001.

19.     By letter dated April 4, 2001, defendant, CGLIC, informed Plaintiff that his claim for LTD benefits was denied.  The letter stated that upon examination by an independant medical examiner, dated December 14, 2000, "Mr, Liszewski is not fit for any type of activities which involve any type of standing, walking, climbing, kneeling, or other activities where he is on his feet.  He may be fit for sedentary activities which allow him to be up and about from time to time."

20.     After Plaintiff received the denial notification, he requested a review of that determination, as provided for by ERISA.  In this connection, Plaintiff forwarded a letter dated

4

April 20, 2001, to defendant, CGLIC, together with additional medical evidence in support of his claim.

21.     By letter dated May 16, 2001, CGLIC acknowledged receipt of Plaintiff's request for review of the LTD claim denial under the terms of the LTD Plan and indicated that the file would be forwarded for further review.

22.     By letter dated July 31, 2001, CGLIC upheld its previous denial with respect to Plaintiff's claim for LTD benefits under the LTD Plan.

23.     To date, CGLIC has continued to uphold its previous denial of Plaintiff's LTD claim.

**AS AND FOR PLAINTIFF'S CLAIM:**
**FOR LONG TERM DISABILITY BENEFITS AS AGAINST**
**DEFENDANTS, THE LTD PLAN & CGLIC**

24.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 23, *supra*, as if fully set forth at length.

25.     ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
>
>         *          *          *
>
> (2)     afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

26.     Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

5

27.     Plaintiff has not been provided with a full and fair review of his claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

28.     The Long Term Disability claim decisions rendered in the instant action have been made by CGLIC, who insures the defendant LTD Plan, and as such, cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

29.     Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

30.     Defendants' decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

31.     Defendants' decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

32.     Plaintiff is disabled within the terms of the LTD Plan maintained for the benefit of the employees of Lucent Technologies.  Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to his disability from (and including) April 4, 2001, and continuing for the time allowed under the LTD Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A.     That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's total disability continued from (and included) April 4, 2001,

within the term of coverage, and that he was and continues to be disabled within the Plan's provisions.

B.     That after making such a determination, the Court ORDER the Defendants, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan.

C.     That, if necessary, the Court ORDER the matter remanded to the Plan's administrator for such further and additional findings as may be reasonably necessary.

D.     That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

E.     That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.


Dated:          Haverhill, MA
                September 29, 2005

                                              PLAINTIFF
                                              By his attorney,


                                              LAW OFFICE OF
                                              STEPHEN L. RAYMOND, ESQ.


                               By:     \s\ *Stephen L. Raymond*
                                       Stephen L. Raymond
                                       3 Washington Square, Ste. 206
                                       Haverhill, MA  01830
                                       (978) 372-6590
                                       BBO #567753

7