UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STANLEY LISZEWSKI<br>　　　　Plaintiff,<br><br>v.<br><br>LUCENT TECHNOLOGIES LONG<br>TERM DISABILITY PLAN and<br>CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY<br>　　　　Defendants. | Civil Action No. 05-10666 RGS |

## ANSWER TO AMENDED COMPLAINT

The Defendants, Lucent Technologies Long Term Disability Plan ("the Plan") and Connecticut General Life Insurance Company ("CGLIC") (hereinafter collectively referred to as "Defendants"), hereby answer Plaintiff's Amended Complaint as follows:

### JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 are legal conclusions to which a response is not required.

2. Defendants admit there is a LTD Plan, but deny the remaining allegations in the first sentence in Paragraph 2 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents. The remaining allegations contained in Paragraph 2 are legal conclusions to which a response is not required.

3. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 are legal conclusions to which a response is not required. To the extent Paragraph 4 is deemed to allege facts, they are denied.

5. Defendants deny the allegations contained in Paragraph 5.

6. Defendants deny that Lucent was Plaintiff's employer. Defendants admit that it is the successor to Plaintiff's employer and as such, is the LTD Plan Sponsor and Plan Administrator. Defendants admit "the benefits were administered in some part by defendant, CGLIC."

## NATURE OF ACTION

7. The allegations contained in Paragraph 7 are legal conclusions to which a response is not required.

## THE PARTIES

8. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 8.

9. The allegations contained in Paragraph 9 are legal conclusions to which a response is not required.

10. Defendants admit that CGLIC is engaged in the business of insurance, and is licensed and authorized to engage in the business of insurance within the Commonwealth of Massachusetts. Defendants admit that CGLIC administered claims for benefits under the Plan, but deny that CGLIC was the Plan administrator or in any other way administered the Plan. Defendants deny the remaining allegations contained in Paragraph 10.

## STATEMENT OF FACTS

11. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 11.

12. Defendants admit that Plaintiff was covered as a participant under the LTD Plan sponsored, funded and administered by Plaintiff's employer up to and including August 10, 1987.

Defendants admit there is a LTD Plan, but deny the remaining allegations in Paragraph 12 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

13. Defendants admit there is a LTD Plan, but deny the remaining allegations in Paragraph 13 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

14. Defendants admit there is a LTD Plan, but deny the remaining allegations in Paragraph 14 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

15. Defendants admit that Plaintiff has been diagnosed with Post Medial and Lateral Tibial Plateau Fracture with Fracture of the Tibial Tubercle and Post-Traumatic Degenerative Arthritis in the Left Knee. Defendants deny the remaining allegations contained in Paragraph 15.

16. Defendants admit that Plaintiff applied for long-term disability benefits and submitted a claim and an Attending Physician's Statement. Defendants deny the remaining allegations contained in Paragraph 16 because Plaintiff fails to cite the entirety of a document that is the best evidence of its contents.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants admit the allegations contained in Paragraph 18.

19. Defendants admit there is a letter dated April 4, 2001, but deny the remaining allegations contained in Paragraph 19 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

20. Defendants admit there is a letter dated April 20, 2001 from Plaintiff, but deny the remaining allegations contained in Paragraph 20 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

21. Defendants admit there is a letter dated May 16, 2001, but deny the remaining allegations contained in Paragraph 21 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

22. Defendants admit there is a letter dated July 31, 2000, but deny the remaining allegations contained in Paragraph 22 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

23. Defendants admit the allegations contained in Paragraph 23.

## AS FOR PLAINTIFF'S CLAIM:
## FOR LONG TERM DISABILITY BENEFITS AGAINST THE LTD PLAN

24. The allegations contained in Paragraph 24 are legal conclusions to which a response is not required.

25. The allegations contained in Paragraph 25 are legal conclusions to which a response is not required.

26. The allegations contained in Paragraph 26 are legal conclusions to which a response is not required.

27. The allegations contained in Paragraph 27 are legal conclusions to which a response is not required. To the extent that the allegations in Paragraph 27 are deemed to be facts, they are denied.

28. Defendants deny the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 are legal conclusions to which a response is not required.

30. The allegations contained in Paragraph 30 are legal conclusions to which a response is not required. To the extent that the allegations in Paragraph 30 are deemed to be facts, they are denied.

31. The allegations contained in Paragraph 31 are legal conclusions to which a response is not required. To the extent that the allegations in Paragraph 31 are deemed to be facts, they are denied.

32. The allegations contained in Paragraph 32 are legal conclusions to which a response is not required. To the extent that the allegations in Paragraph 32 are deemed to be facts, they are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the limitations period provided for under the Policy.

2. Plaintiff's remedies, if any, are limited to those provided for under ERISA and his damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable Policy.

3. The Plaintiff is not disabled within the meaning of the Policy or Plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

4. Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance Policy or Plan at issue.

5. The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

6. No payments are owed to the Plaintiff under the terms and conditions of the said Policy or Plan.

7. This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

8. The answering Defendants assert any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

9. Defendants' denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

10. Under all of the circumstances, Plaintiff is owed no benefits under the Policy or Plan, or interest, costs and/or attorney's fees.

                                            Respectfully Submitted,

                                            DEFENDANTS LUCENT TECHNOLOGIES
                                            LONG TERM DISABILITY PLAN and
                                            CONNECTICUT GENERAL LIFE INSURANCE
                                            COMPANY

                                            By their Counsel,

                                            */s/ Katherine R. Parsons*
                                            David B. Crevier, BBO # 557242
                                            Katherine R. Parsons, BBO # 657280
                                            Crevier & Ryan, LLP
                                            1500 Main Street, Suite 2020
                                            Springfield, MA 01115
                                            Tel: 413-787-2400
                                            Fax: 413-781-8235
                                            Email: dcrevier@crevierandryan.com
                                                      kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail, postage prepaid this 5th day of October, 2005.

*/s/ Katherine B. ___*