UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
STANLEY LISZEWSKI                             )
                  Plaintiff,                  )
                                              )
v.                                            )      Civil Action No. 05-10666 RGS
                                              )
LUCENT TECHNOLOGIES LONG                      )
TERM DISABILITY PLAN and                      )
CONNECTICUT GENERAL LIFE                      )
INSURANCE COMPANY                             )
                  Defendants.                 )
_____)

**JOINT STATEMENT REGARDING PRETRIAL MATTERS**

Pursuant to Local Rule 16.1, the Defendants, Lucent Technologies Long Term Disability Plan and Connecticut General Life Insurance Company ("Defendants"), and Plaintiff, Stanley Liszewski ("Plaintiff"), file this Joint Statement Regarding Pretrial Matters.

1.  Proposed Discovery Plan and Schedule for Motions

    The parties propose the schedule set forth below for consideration by the court. The parties do no wish to conduct phased discovery.

    a.  Motions to join additional parties and to amend the pleadings must be filed by **January 2, 2006**.

    b.  Insofar as this matter involves the review of an administrative record whose content will be decided based on the methodology set forth herein, the parties are relieved of any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, and as provided for in Fed. R. Civ. P. 26(a)(1)(E)(i).

c. The Court orders the Defendants to provide Plaintiff with a Proposed Record for Judicial Review ("Proposed Record") on or before **January 13, 2006.** The Proposed Record shall consist of the following documents – unredacted, and arranged in an orderly fashion: 1) all non-privileged documents relating to Plaintiff's claim (if there are any privileged documents withheld, Defendants shall provide Plaintiff with a privilege log); and 2) all plan documents in effect at the time plaintiff commenced his claim.

d. Upon receiving the Proposed Record, the Plaintiff shall review the documents submitted as part of the Proposed Record and identify those documents containing information that must be redacted or filed under seal pursuant to Rule 5.3 of this Court's Rules (amendment effective May 6, 2003). Plaintiff shall bear sole responsibility for identifying information that must be redacted or filed under seal pursuant to Rule 5.3. Plaintiff shall notify Defendants' counsel in writing by **February 10, 2006**, providing a list of all information it seeks to redact, or file under seal pursuant to Local Rules 5.3. If the Defendants objects to the proposed redaction or filing under seal of any of the information proposed to be redacted or sealed by Plaintiff, the parties shall confer in an attempt to resolve those issues. If the issues cannot be resolved, either party may file a motion with the Court seeking a ruling on any such issues said motion to be filed on or before **March 3, 2006**. Alternatively, either party may file a motion to seal the entire Record for Judicial Review, on or before **March 3, 2006**.

e. If after receiving the Proposed Record the Plaintiff claims that the Proposed Record is incomplete or inaccurate in any way, Plaintiff must notify the Defendants' counsel in

    writing of the same by **March 10, 2006**. If the Plaintiff does not provide such notice by **March 10, 2006**, then the Defendants shall file with the Court each of the documents previously served on Plaintiff entitled as "Agreed Upon and Complete Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to agree upon the contents of the Record for Judicial Review by **March 24, 2006**. If the parties come to an agreement, they are to immediately file an "Agreed Upon and Complete Record For Judicial Review." If the parties cannot agree on the Record For Judicial Review, then the Defendants shall file with the Court by **March 28, 2006**, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the Record For Judicial Review, the parties shall file memoranda concerning any additional material they seek to have added to the Record For Judicial Review by **April 7, 2006**.

f.   If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any submissions showing cause for entitlement to discovery must be filed by **April 7, 2006**. Counsel to any party not proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

    g.   If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the Record For Judicial Review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing.  The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action.  Any request for such evidentiary hearing must be filed by **April 7, 2006**.  Counsel to any party not proposing the evidentiary hearing shall have two weeks from the service of a request for such a hearing to file an opposition thereto.

    h.   Upon the Court's determination that the Record for Judicial Review is complete, the parties shall move for Judgment on the Record for Judicial Review and the Court shall decide the case based on the Record for Judicial Review.  <u>See Orndorf v. Paul Revere Life Insurance Company</u>, 404 F.3d 510 (1st Cir. 2005).

    i.   Any party filing a Motion for Judgment on the Record for Judicial Review, shall do so on or before **July 7, 2006**.

    j.   Any party filing an Opposition to a Motion for Judgment on the Record for Judicial Review shall do so on or before **August 4, 2006**.

2.   <u>Certification Regarding Costs and Alternate Dispute Resolution</u>.

The parties will submit their respective certifications individually at or before the Scheduling Conference.

5

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| PLAINTIFF STANLEY LISZEWSKI | DEFENDANTS LUCENT TECHNOLOGIES LONG TERM DISABILITY PLAN and CONNECTICUT GENERAL LIFE INSURANCE COMPANY |
| By his Attorney, | By their Attorneys, |
| /s/Stephen Raymond<br>Stephen Raymond, Esq., BBO# 567753<br>3 Washington Square, Suite 206<br>Haverhill, MA 01830<br>Tel: (978) 372-6590<br>Facsimile: (978) 372-6596<br>Email: slraylaw@aol.com | /s/David B. Crevier<br>David B. Crevier, BBO # 557242<br>Katherine R. Parsons, BBO # 657280<br>CREVIER & RYAN, LLP.<br>1500 Main Street, Suite 2020<br>Springfield, MA 01115-5727<br>Tel: (413) 787-2400<br>Facsimile: (413) 781-8235<br>Email: dcrevier@crevierandryan.com<br>           kparsons@crevierandryan.com |